# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BUDDY STRUCKMAN,
    Plaintiff,

vs.

VILLAGE OF LOCKLAND, et al.,
    Defendants.

Case No. 1:17-cv-543
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

Plaintiff Buddy Struckman, a resident of Cincinnati, Ohio, has filed an amended complaint against the Village of Lockland, Patrolman Drew Jones, and Sergeant Patrick Sublet alleging a violation of his rights. (Doc. 9). This matter is before the Court for a sua sponte review of plaintiff's amended complaint to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se amended complaint alleges that on April 20, 2015, he was arrested and charged with inducing panic and aggravated menacing. He alleges that following trial, the charges against him were dismissed. He alleges that defendant Jones falsified information against plaintiff and that defendant Sublet, who was Jones' supervisor, approved the falsification of information. Plaintiff alleges that both Jones and Sublet attempted to cover up the false charges against him. He alleges claims of unlawful arrest, false imprisonment, and due process violations. As relief, plaintiff seeks $600,000 in damages. (Doc. 9).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his amended complaint against defendants Jones and Sublet. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's amended complaint against the Village of Lockland should be dismissed for failure to state a claim for relief. Municipalities cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis, supra*, 2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim

is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that the Village of Lockland violated his constitutional rights pursuant to a policy or custom of the Village. In the absence of such allegations, plaintiff has failed to state an actionable claim for relief based on the theory of municipal liability. *See Monell,* 436 U.S. at 693-94.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's amended complaint be **DISMISSED** with prejudice against the Village of Lockland.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the amended complaint, summons, and this Order and Report and Recommendation upon defendants Jones and Sublet as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed

to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 10/30/17

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BUDDY STRUCKMAN,
    Plaintiff,

vs.

VILLAGE OF LOCKLAND, et al.,
    Defendant.

Case No. 1:17-cv-543
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).