# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BUDDY STRUCKMAN,<br>Plaintiff,<br><br>vs.<br><br>THE VILLAGE OF LOCKLAND, et al.,<br>Defendants. | Civil Action No. 1:17-cv-00543<br>Barrett, J.<br>Litkovitz, M.J.<br><br><br><br>**ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff Buddy Struckman, proceeding pro se, brings this action against defendants Drew Jones and Patrick Sublet.[1] Plaintiff brings claims under 42 U.S.C. § 1983 for unlawful arrest and imprisonment in violation of his Fourth Amendment rights and for violations of his due process rights under the Fourteenth Amendment. This matter is before the Court on defendants' motion for judgment on the pleadings (Doc. 22), plaintiff's memorandum in opposition to the motion (Doc. 28), and defendants' reply memorandum in support of the motion (Doc. 29).

## I. Background

Plaintiff instituted this action by filing a motion for leave to proceed *in forma pauperis* on August 17, 2017. (Doc. 1). The motion was granted (Doc. 4) and the original complaint was filed on August 29, 2017 (Doc. 5). Plaintiff subsequently filed an amended complaint. (Doc. 9). Plaintiff makes the following allegations in the amended complaint: On or about April 20, 2015, plaintiff was unlawfully arrested based on false and fabricated reports made by defendants Jones and Sublet. (*Id.*, ¶ 9). Plaintiff was charged with inducing panic and aggravated menacing. (*Id.*). The charges were dismissed 738 days after they were filed. (*Id.*, ¶ 10). While the charges

---

[1] The amended complaint also named the Village of Lockland as a defendant (Doc. 9), but this defendant was dismissed from the lawsuit by Order dated November 21, 2017 (Doc. 18).

were pending, plaintiff learned that defendants had created false reports that led to his allegedly unlawful arrest. (*Id.*). Defendants covered up the improper procedures used against plaintiff in an attempt to conceal the unlawful arrest. (*Id.*). Jones falsified residency information about plaintiff, and Sublet signed off on the false information as Jones' supervisor. (*Id.*). Plaintiff alleges that the case against him damaged his schooling, work, social status, finances, physical well-being, family relationships and faith and caused him stress and mental anguish. (*Id.*, ¶ 11). Plaintiff seeks $600,000 in damages. (*Id.*).

## II. Defendants' motion for judgment on the pleadings

Defendants Jones and Sublet move for judgment on the pleadings on two grounds. (Doc. 22). First, defendants contend that plaintiff's Fourth Amendment claim brought under 42 U.S.C. § 1983 is governed by the two-year limitations period set forth in Ohio Rev. Code § 2305.10 and that plaintiff failed to timely assert his claim within the statutory period. (*Id.* at 5). Second, defendants argue that plaintiff's allegations do not state a plausible claim for relief because the facts do not suggest defendants violated his due process rights in any manner during his arrest. (*Id.* at 7). Defendants contend that plaintiff fails to state a plausible substantive due process claim because his allegations do not sufficiently establish either (1) a deprivation of a particular constitutional guarantee, or (2) government action that shocks the conscience. (*Id.* at 7-8). Defendants also argue that the amended complaint fails to state a plausible procedural due process claim because plaintiff has not alleged that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of the protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of his protected interest. (*Id.* at 9). They also contend plaintiff has not pled that state remedies for redressing the alleged deprivation are inadequate. (*Id.*). To the extent plaintiff alleges that defendants
2

manufactured and fabricated evidence, defendants argue that plaintiff cannot pursue his claim directly under the Fourteenth Amendment but must bring such a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), which does not apply here. (*Id*. at 9-10)

In response, plaintiff argues that the four-year statute of limitations for fraud claims set forth in Ohio Rev. Code § 2305.09(C) can be applied to his claims. (Doc. 28). Plaintiff also makes allegations to excuse his failure to file this lawsuit within two years after his arrest or arraignment. Plaintiff states that after his arrest, he was not clearly informed of the basis for the criminal charges against him and as a layman, he did not understand defendants' role in his allegedly unlawful arrest. Plaintiff claims he did not become aware that his arrest may have been unlawful until he dismissed his court-appointed attorney and gained access to discovery materials in his criminal case, which was approximately seven months after his arrest. Plaintiff alleges he could not confirm his arrest was illegal until the charges against him were dismissed on April 28, 2017. Plaintiff claims that because he did not become aware of his ability to file a complaint against defendants until April 28, 2017, the statute of limitations began to run on that date. Plaintiff further contends that defendants violated his substantive and procedural due process rights by fabricating information and suppressing evidence, and plaintiff argues that a *Brady* claim can be brought under the Fifth and Fourteen Amendments. (*Id*. at 6-9). Plaintiff claims there is a reasonable probability that the evidence that was purportedly suppressed would have changed the results of the proceedings against him. (*Id*.).

**A. Standard of review**

A party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule

3

12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008). To survive a Rule 12(c) motion for judgment on the pleadings, the complaint must contain "either direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In deciding a Rule 12(c) motion, the court must accept all well-pled factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). The court "consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010) (citation and quotation marks omitted)). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570.

### B. Plaintiff's claims should be dismissed.

#### 1. The Fourth Amendment claims should be dismissed as time-barred.

A limitations period is not provided in 42 U.S.C § 1983. Courts must therefore apply the general personal injury statute of limitations for tort actions in the state where the cause of action arose. *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989). In Ohio, the statute of limitations for actions brought under § 1983 is the two-year period provided under Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be brought within two years after their accrual. *Id. See also Fears v. Edens*, No. 1:16-cv-422, 2016 WL 3919664, at *2 (S.D. Ohio April 20, 2016) (Litkovitz, M.J.) (Report and Recommendation), *adopted*, 2016 WL 3855449 (S.D. Ohio July 15, 2016) (Dlott, J.) (two-year statute of limitations in § 2305.10 applied to false arrest and false imprisonment claims brought under § 1983).

Federal law determines when the statute of limitations begins to run on § 1983 claims. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (citing *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985)). This occurs "only when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984); *see also Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). A plaintiff has reason to know of his injury "when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

A § 1983 cause of action for false arrest accrues on the date the arrest was made. *Black-Hosang v. Ohio Dept. of Pub. Safety*, 96 F. App'x 372, 374 (6th Cir. 2004) (citing *McCune v. Grand Rapids,* 842 F.2d 903, 906 (6th Cir. 1988)). The limitations period for a false imprisonment claim begins to run when the false imprisonment ends, which occurs when legal process is initiated. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). Legal process is initiated

5

when the individual is bound over for trial or arraigned on charges. *Id. See also Fears,* 2016 WL 3919664, at *3 (unlawful arrest and false imprisonment claims based on police officer's alleged misrepresentations were time-barred when filed more than two years after the plaintiff's arrest and arraignment).

In this case, plaintiff was arrested and criminally charged with inducing panic and aggravated menacing on April 20, 2015. (Doc. 9, ¶ 9; *State of Ohio v. Buddy Struckman*, Case No. C/15/CRB/9541 (Hamilton Cnty. Ct. of Common Pleas)). Plaintiff was arraigned and released on bond the following day. Plaintiff does not allege that he was incarcerated after his arraignment. The two-year period of limitations on plaintiff's false arrest and false imprisonment claims therefore began to run no later than April 21, 2015, the date of the arraignment, and expired two years later on April 21, 2017. Plaintiff did not file this lawsuit until August 17, 2017, approximately four months after the two-year limitations period had ended. Plaintiff thus filed his false arrest and false imprisonment claims outside the two-year limitations period.

Plaintiff claims he was not aware that his arrest may have been unlawful and he did not know of defendants' involvement in the alleged unlawful arrest until April 28, 2017. (Doc. 28 at 3). Plaintiff alleges in the amended complaint that defendants "assisted to cover up the improper procedures against the Plaintiff attempting to conceal the unlawful arrest related to the False alarm." (Doc. 9, ¶ 10). This conclusory allegation is insufficient to show that plaintiff did not know, or through reasonable diligence could not have known, of his injury at the time of his arrest and arraignment. *See Tellabs, Inc.*, 551 U.S. at 322 (the court need not accept "unwarranted factual inferences" or "conclusory allegations . . . masquerading as factual allegations."). Plaintiff does not allege any facts which, if accepted as true, support a finding that

6

he did not know of the factual basis for his claims at the time of his arrest and arraignment. Because plaintiff did not bring his false arrest and false imprisonment claims within two years of his arrest or arraignment, his Fourth Amendment claim should be dismissed as barred by the applicable two-year statute of limitations.

**2. Plaintiff has not stated a claim for relief under the Fourteenth Amendment.**

Defendants argue that plaintiff's claims under the Fourteenth Amendment to the United States Constitution must also be dismissed for failure to state a claim for relief. (Doc. 22). The Fourteenth Amendment provides, in relevant part, that no State shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment has both procedural and substantive components. *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). To state a claim for violation of his procedural due process rights under § 1983, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984). Plaintiff must challenge both the state's corrective procedure and the substantive wrong. *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (citing *Vicory*, 721 F.2d at 1066). If adequate state procedures are provided, then a deprivation of plaintiff's procedural due process rights has not occurred despite any injury. *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004).

To state a substantive due process claim, plaintiff must establish either (1) the deprivation of a particular constitutional guarantee, or (2) government action that "shocks the conscience." *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011). Where a Constitutional Amendment provides "an explicit textual source of constitutional protection" against a particular type of government action, "that Amendment, not the more

7

generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

Plaintiff alleges that manufacturing false evidence which is then passed on to the prosecution is the same as "suppressing favorable evidence," and defendants therefore violated his due process rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Doc. 28 at 6-8). *Brady* holds that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or punishment. . . ." 373 U.S. at 87. The Sixth Circuit has recognized that the police have an obligation under *Brady*, or a Constitutional duty analogous to the duty recognized in *Brady*, to turn over "material and exculpatory evidence." *Moldowan v. City of Warren*, 578 F.3d 351, 380 (6th Cir. 2009). A claim that police fabricated evidence has been held to fall within the purview of a *Brady* claim under the Sixth Circuit's analysis in *Moldowan*. *See Stillwagon v. City of Delaware*, 175 F. Supp.3d 874, 901 (S.D. Ohio 2016) (citing *Moldowan*, 578 F.3d at 379-81). However, a *Brady* violation does not occur "unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Moldowan*, 578 F.3d at 389 (quoting *Strickler v. Greene*, 527 U.S. 263, 281 (1999)). *See also Stillwagon*, 175 F. Supp.3d at 901 (the plaintiff could not "assert a *Brady* claim given that he was acquitted at trial").

Plaintiff has failed to state a claim under the Due Process Clause based on allegations that defendants provided fabricated material to the prosecution in violation of their obligations under *Brady*. Plaintiff alleges in the amended complaint that he was "arrested in relation to false and fabricated reports by the [co-]defendants"; that defendant Jones "falsified residency information against the Plaintiff"; that Jones "contradict[ed] factual reasoning by falsifying information about

8

the Plaintiff"; that both defendants, "through reports" they made, "are recognized for orchestrating a false alarm"; and that both defendants "assisted to cover up the improper procedures against the Plaintiff attempting to conceal the unlawful arrest related to the false alarm." (Doc. 9, ¶ 10). These allegations, accepted as true, are much too vague and conclusory to support a claim that defendants fabricated or falsified information that was used to prosecute plaintiff. Further, plaintiff was not tried on the charges stemming from his arrest and those charges were eventually dismissed. Thus, there is no indication that the allegedly fabricated and falsified information was material to plaintiff's guilt or punishment. *See Moldowan*, 578 F.3d at 376-77; *Garner v. Grant*, 328 F. App'x 325, 328 (6th Cir. 2009) (finding the best evidence that the fabricated evidence could not have affected the judgment of the jury was the plaintiff's acquittal at her criminal trial); *Stillwagon*, 175 F. Supp.3d at 901 (plaintiff who was acquitted could not assert a *Brady* claim). Plaintiff cannot pursue a due process claim against defendants for violating the obligations imposed under *Brady*.

Plaintiff's allegations do not otherwise state a claim for violation of his procedural or substantive due process rights. Plaintiff has not alleged facts which, if accepted as true, indicate that his remedies under Ohio law for redressing his alleged injury are inadequate. Therefore, he has failed to state a plausible procedural due process claim against defendants stemming from his alleged false arrest and false imprisonment. Plaintiff's substantive due process claim against defendants is based on the same conduct giving rise to his false arrest and false imprisonment claims under the Fourth Amendment. Plaintiff alleges that defendants violated his due process rights by making false statements and fabricating documents that were used to arrest him. (Doc. 9). Plaintiff cannot reframe his Fourth Amendment claims for false arrest and false imprisonment as Fourteenth Amendment substantive due process claims based on the same

alleged wrongdoing. *See Stillwagon*, 175 F. Supp.3d at 901 (declining to recognize a substantive due process right for alleged fabrication of evidence by police). Plaintiff's procedural and substantive due process claims should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motion for judgment on the pleadings (Doc. 22) be **GRANTED** and this case be **DISMISSED**.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to extend the discovery deadline (Doc. 26) is **DENIED**.

Date: July 2, 2018

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| BUDDY STRUCKMAN,<br>Plaintiff, | Civil Action No. 1:17-cv-00543<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| THE VILLAGE OF LOCKLAND, et al.,<br>Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).